IN THE UNITED STATES DISTRICT COURT

THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| NARRAGANSETT BAY INSURANCE COMPANY as subrogee of WAGIH SAWERIS,<br><br>Plaintiffs,<br><br>v.<br><br>NEW WIDETECH INDUSTRIES CO., LTD., RICH ACHIEVER INC. LLC, WHIRLPOOL CORPORATION, COSTCO WHOLESALE CORPORATION, ABC CORPORATIONS 1-10 and JOHN DOES 1-10,<br><br>Defendants. | Case No: 2:23-cv-05227-AMD-JMW<br><br>**DISCOVERY DISPUTE LETTER PURSUANT TO LOCAL CIVIL RULE 37.3**<br><br>**Magistrate Judge James M. Wicks** |

Pursuant to the Eastern District of New York's Local Civil Rule 37.3, Defendants WHIRLPOOL CORPORATION and COSTCO WHOLESALE CORPORATION (collectively "Defendants") respectfully submit this discovery dispute letter to the Honorable Judge Wicks.

Pursuant to the Court's September 14, 2023, Scheduling Order (Dkt. 17), the Court deemed it appropriate to limit the initial discovery phase to the circumstances surrounding the unavailability of the dehumidifier and/or its parts. Subsequently, a briefing schedule was established for Defendants to file a dispositive motion upon completion of this limited discovery.

Initially, the parties cooperated effectively, enabling Defendants to conduct three depositions. However, despite two stipulated extensions of the discovery schedule, there still remains outstanding discovery. The current deadline for completing discovery is January 31, 2024, and it appears that a further extension may be necessary for Defendants to finalize outstanding discovery.

On September 25, 2023, Defendants issued deposition notices for both insureds, Wagih Saweris and Nawal Saweris ("insureds") and Plaintiff, Narragansett Bay Insurance Company's ("Plaintiff") FRCP 30(b)(6) person, all of which contained document requests. (See **Exhibit A**) On November 16, 2023, Defendant served Plaintiff with a deposition notice for David Martin, the claims adjuster assigned to this matter, which also contained document requests. (See **Exhibit A**)

The document requests included in David Martin and the 30(b)(6) deposition notices are:

1. Communications with the insureds, Wagih Saweris and Nawal Saweris (the "Insureds").
2. Any and all photographs of any dehumidifier on the Insureds' premises, 44 Green Drive, Roslyn NY, 11576 (the "Premises") on the day of the Subject Fire.
3. Documents reflecting evidence at the Premises on the day of the Subject Fire.
4. Documents reflecting evidence retained from the Subject Fire.
5. Documents regarding all investigations related to the Subject Fire, including but not limited to photos, videos, and reports.
6. Communications related to the Subject Fire.
7. Documents reflecting evidence not retained from the Subject Fire.
8. Documents relating to the storage of any evidence retained from the Subject Fire.
9. Documents relating to the disposal of any evidence retained from the Subject Fire.

The document requests included the insureds deposit notices are:

1. Any and all photographs taken of any dehumidifier owned by you or present at your home before the incident.
2. Any and all photographs taken of any dehumidifier owned by you or present at your home on the day of incident.
3. All documents relating to the purchase of dehumidifier(s).
4. All documents reflecting the identification any dehumidifier owned by you or used by you at your home since 2011 ("Dehumidifier").
5. All documents reflecting any problems you had with any Dehumidifier.
6. All communication between you and anyone else regarding the incident, including but not limited to your insurance carrier, adjusters, fire department, and Costco.
7. All communications between you and anyone else regarding any Dehumidifier owned by you.

Plaintiff did not object to these requests, nor has Plaintiff refused to produce these documents. In fact, at the depositions of the insureds on December 7, 2023, Plaintiff's counsel advised that he would work with the insureds to produce responsive documents to Defendants' requests. Yet, to date, Defendants have not received any responsive documents from Plaintiff. Of particular importance are the outstanding requests for the Narragansett case file and EFI's file on the subject incident. During the deposition of David Martin on November 17, 2023, he testified that he relied on these files to determine the recovery and storage of the subject dehumidifier at an EFI storage unit in New Jersey. At the closing of this deposition, Plaintiff's counsel agreed to produce both files.

Moreover, Defendants discovered that Plaintiff engaged EFI Global to investigate the fire scene. We requested the name(s) of the EFI employee(s) who conducted the investigation but have not gotten a response. Both the requested documents and the outstanding deposition are crucial for Defendants to conclude the initial discovery phase and proceed with a Motion for Summary Judgment/Adjudication on the grounds of spoliation. Notably, Plaintiff has never refused to produce these documents and when we've communicated, Plaintiff's counsel has been cooperative.

However, despite the efforts made by Defendants to work with Plaintiff to resolve these issues, it is now apparent that Court intervention is necessary, given the quickly approaching January 31, 2024, discovery deadline. Therefore, Defendants respectfully seek the Court's assistance and guidance in resolving these issues.

In light of the foregoing, Defendants respectfully request that the Court issue an order compelling Plaintiff to produce all relevant documents in response to Defendants' document requests and order Plaintiff to disclose the name(s) of the EFI employee(s) who were present at

and investigated the scene of the fire so that Defendants can notice their deposition.

Respectfully Submitted,

Dated: January 10, 2024

By: /s/Kourtney M. Speer
Richard A. Ergo, *Esq.*
Cathleen S. Huang, *Esq.*
Kourtney M. Speer, *Esq.* (#348243 CA)
Attorneys for Defendants
WHIRLPOOL CORPORATION and
COSTCO WHOLESALE CORPORATION
BOWLES & VERNA, LLP
2121 N. California Blvd., Suite 875
Walnut Creek, CA 94596
(925) 935-3300
(925) 935-0371 FAX

# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT

THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| NARRAGANSETT BAY INSURANCE COMPANY as subrogee of WAGIH SAWERIS,<br><br>           Plaintiffs,<br>v.<br><br>NEW WIDETECH INDUSTRIES CO., LTD., RICH ACHIEVER INC. LLC, WHIRLPOOL CORPORATION, COSTCO WHOLESALE CORPORATION, ABC CORPORATIONS 1-10 and JOHN DOES 1-10,<br><br>           Defendants. | Case No: 2:23-cv-05227-AMD-JMW<br><br>**SECOND AMENDED NOTICE OF DEPOSITION OF SUBROGOR NAWAL SAWERIS AND REQUEST FOR PRODUCTION OF DOCUMENTS** |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE THAT** pursuant to Federal Rules of Civil Procedure Rule 30, Defendants, NEW WIDETECH INDUSTRIES CO., LTD., RICH ACHIEVER INC. LLC, WHIRLPOOL CORPORATION, COSTCO WHOLESALE CORPORATION (collectively "Defendants") through their counsel of record, will take the deposition of NAWAL SAWERIS commencing at the date, time and place identified below:

  Date: December 7, 2023
  Time: 4:30 EST
  Place: Zoom (Link to be provided)

**NOTICE IS FURTHER GIVEN** that this deposition shall be conducted upon oral examination, and shall be recorded by videotape, audiotape and stenographically before a deposition officer who is authorized by law to take depositions and administer an oath. If the deposition is not completed on the date set forth above, it shall continue from day to day, excluding Saturdays, Sundays and holidays, until completed.

{01201742.DOCX; 1}  1

**NOTICE IS FURTHER GIVEN** that the person named above is to bring to the deposition all documentary and tangible materials set forth below.

## DEFINITIONS

Words in **BOLDFACE CAPITALS** in the requests below are defined as follows:

The term **DOCUMENT** or **DOCUMENTS** is used in its broadest sense and encompasses without limitation, all documents, letters, memoranda, statements, notes, photographs, pictures, films, recorded tapes, agreements, facsimiles, e-mail, telegrams, telexes, diaries, books, records, reports, analyses, computerized data, testing data, software, plans, procedures, programs, instructions, rules, drawings, artwork, reticules, designs, schematics, diagrams, working plates, worksheets, process runs, flowsheets, masks, overlays, specifications, invoices, publications, papers, charts, graphs, account books and ledgers, canceled checks, magnetic tapes and discs, electronically- stored information, and any compilations, abstracts or summaries of the above, and any copies or reproductions in whole or in part of any of the above.

The terms "**YOU**" and "**YOUR**" shall mean and refer to Mrs. Nawal Saweris or anyone acting on her behalf.

The term "**INCIDENT**" shall mean and refer to the February 8, 2021, fire at your residence 44 Green Drive, Roslyn NY, 11576.

## INSTRUCTIONS

1. **YOU** must produce documents and writings without masking, redaction, obliteration or alteration of any sort and in the same form, order and system (including file folders, tabs, and indices) as maintained in the regular course of business prior to service of this demand. Physical segregation of documents and writings into the separate categories set forth below is neither requested nor required.

2. If the production of any **DOCUMENT** or writing (or portion thereof) is properly objected to, production nonetheless shall be made of those remaining documents and writings or portions thereof as to which no proper objection is logged.

3. **YOU** must identify with particularity each document that is not produced because of an objection. The nature and basis for each objection must be stated.

4. **YOU** are to produce all responsive documents in **YOUR** possession, custody, or control including those documents reasonably available to **YOU**, **YOUR** representatives, agents and attorneys.

## REQUESTS FOR PRODUCTION

1. Any and all photographs taken of any dehumidifier owned by YOU or present at YOUR home before the INCIDENT.
2. Any and all photographs taken of any dehumidifier owned by YOU or present at YOUR home on the day of INCIDENT.
3. All DOCUMENTS relating to the purchase of dehumidifier(s).
4. All DOCUMENTS reflecting the identification any dehumidifier owned by YOU or used by YOU at YOUR home since 2011 ("Dehumidifier").
5. All DOCUMENTS reflecting any problems YOU had with any Dehumidifier.
6. All COMMUNICATION between YOU and anyone else regarding the INCIDENT, including but not limited to YOUR insurance carrier, adjusters, fire department, and Costco.
7. All COMMUNICATION between YOU and anyone else regarding any Dehumidifier owned by YOU.

BOWLES & VERNA LLP

Dated: November 20, 2023

By: _____
Richard A. Ergo, *Esq.*
Cathleen S. Huang, *Esq.*
Kourtney M. Speer, *Esq.*
Attorneys for Defendants
WHIRLPOOL CORPORATION and
COSTCO WHOLESALE CORPORATION
2121 N. California Blvd., Suite 875
Walnut Creek, CA 94596
(925) 935-3300
Fax: (925) 935-0371

IN THE UNITED STATES DISTRICT COURT

THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| NARRAGANSETT BAY INSURANCE COMPANY as subrogee of WAGIH SAWERIS,<br><br>Plaintiffs,<br>v.<br><br>NEW WIDETECH INDUSTRIES CO., LTD., RICH ACHIEVER INC. LLC, WHIRLPOOL CORPORATION, COSTCO WHOLESALE CORPORATION, ABC CORPORATIONS 1-10 and JOHN DOES 1-10,<br><br>Defendants. | Case No: 2:23-cv-05227-AMD-JMW<br><br>**SECOND AMENDED NOTICE OF DEPOSITION OF SUBROGOR WAGIH SAWERIS AND REQUEST FOR PRODUCTION OF DOCUMENTS** |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE THAT** pursuant to Federal Rules of Civil Procedure Rule 30, Defendants, NEW WIDETECH INDUSTRIES CO., LTD., RICH ACHIEVER INC. LLC, WHIRLPOOL CORPORATION, COSTCO WHOLESALE CORPORATION (collectively "Defendants") through their counsel of record, will take the deposition of WAGIH SAWERIS commencing at the date, time and place identified below:

    Date: December 7, 2023
    Time: 4:30 EST
    Place: Zoom (Link to be provided)

**NOTICE IS FURTHER GIVEN** that this deposition shall be conducted upon oral examination, and shall be recorded by videotape, audiotape and stenographically before a deposition officer who is authorized by law to take depositions and administer an oath. If the deposition is not completed on the date set forth above, it shall continue from day to day, excluding Saturdays, Sundays and holidays, until completed.

{01199084.DOCX; 1}    1

**NOTICE IS FURTHER GIVEN** that the person named above is to bring to the deposition all documentary and tangible materials set forth below.

## DEFINITIONS

Words in **BOLDFACE CAPITALS** in the requests below are defined as follows:

The term **DOCUMENT** or **DOCUMENTS** is used in its broadest sense and encompasses without limitation, all documents, letters, memoranda, statements, notes, photographs, pictures, films, recorded tapes, agreements, facsimiles, e-mail, telegrams, telexes, diaries, books, records, reports, analyses, computerized data, testing data, software, plans, procedures, programs, instructions, rules, drawings, artwork, reticules, designs, schematics, diagrams, working plates, worksheets, process runs, flowsheets, masks, overlays, specifications, invoices, publications, papers, charts, graphs, account books and ledgers, canceled checks, magnetic tapes and discs, electronically- stored information, and any compilations, abstracts or summaries of the above, and any copies or reproductions in whole or in part of any of the above.

The terms "**YOU**" and "**YOUR**" shall mean and refer to Mr. Wagih Saweris or anyone acting on his behalf.

The term "**INCIDENT**" shall mean and refer to the February 8, 2021, fire at your residence 44 Green Drive, Roslyn NY, 11576.

## INSTRUCTIONS

1. **YOU** must produce documents and writings without masking, redaction, obliteration or alteration of any sort and in the same form, order and system (including file folders, tabs, and indices) as maintained in the regular course of business prior to service of this demand. Physical segregation of documents and writings into the separate categories set forth below is neither requested nor required.

2. If the production of any **DOCUMENT** or writing (or portion thereof) is properly objected to, production nonetheless shall be made of those remaining documents and writings or portions thereof as to which no proper objection is logged.

3. **YOU** must identify with particularity each document that is not produced because of an objection. The nature and basis for each objection must be stated.

4. **YOU** are to produce all responsive documents in **YOUR** possession, custody, or control including those documents reasonably available to **YOU**, **YOUR** representatives, agents and attorneys.

## REQUESTS FOR PRODUCTION

1. Any and all photographs taken of any dehumidifier owned by YOU or present at YOUR home before the INCIDENT.
2. Any and all photographs taken of any dehumidifier owned by YOU or present at YOUR home on the day of INCIDENT.
3. All DOCUMENTS relating to the purchase of dehumidifier(s).
4. All DOCUMENTS reflecting the identification any dehumidifier owned by YOU or used by YOU at YOUR home since 2011 ("Dehumidifier").
5. All DOCUMENTS reflecting any problems YOU had with any Dehumidifier.
6. All COMMUNICATION between YOU and anyone else regarding the INCIDENT, including but not limited to YOUR insurance carrier, adjusters, fire department, and Costco.
7. All COMMUNICATION between YOU and anyone else regarding any Dehumidifier owned by YOU.

BOWLES & VERNA LLP

Dated: November 20, 2023

By: /s/ *[signature]*
Richard A. Ergo, *Esq.*
Cathleen S. Huang, *Esq.*
Kourtney M. Speer, *Esq.*
Attorneys for Defendants
WHIRLPOOL CORPORATION and
COSTCO WHOLESALE CORPORATION
2121 N. California Blvd., Suite 875
Walnut Creek, CA 94596
(925) 935-3300
Fax: (925) 935-0371

# IN THE UNITED STATES DISTRICT COURT

# THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| NARRAGANSETT BAY INSURANCE COMPANY as subrogee of WAGIH SAWERIS,<br><br>Plaintiffs,<br>v.<br><br>NEW WIDETECH INDUSTRIES CO., LTD., RICH ACHIEVER INC. LLC, WHIRLPOOL CORPORATION, COSTCO WHOLESALE CORPORATION, ABC CORPORATIONS 1-10 and JOHN DOES 1-10,<br><br>Defendants. | Case No: 2:23-cv-05227-AMD-JMW<br><br>FRCP 30(b)(6) NOTICE OF DEPOSITION OF NARRAGANSETT BAY INSURANCE COMPANY |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE THAT** pursuant to Federal Rules of Civil Procedure Rule 30(b)(6), Defendants, NEW WIDETECH INDUSTRIES CO., LTD., RICH ACHIEVER INC. LLC, WHIRLPOOL CORPORATION, COSTCO WHOLESALE CORPORATION (collectively "Defendants") through their counsel of record, will take the deposition of the person most knowledgeable of NARRAGANSETT BAY INSURANCE COMPANY ("Narragansett") commencing at the date, time and place identified below:

    Date: October 16, 2023
    Time: TBD
    Place: Zoom (Link to be provided)

**NOTICE IS FURTHER GIVEN** that this deposition shall be conducted upon oral examination, and shall be recorded by videotape, audiotape and stenographically before a deposition officer who is authorized by law to take depositions and administer an oath. If the

1

deposition is not completed on the date set forth above, it shall continue from day to day, excluding Saturdays, Sundays and holidays, until completed.

Narragansett shall designate and produce employed or retained representative(s) who consent to testify on its behalf, and such individual(s) shall testify on its behalf as to matters known or reasonably available to Narragansett regarding the following areas of inquiry:

1. Investigation of the fire on February 8, 2021, occurring at 44 Green Drive, Roslyn NY, 11576 (the "Subject Fire")
2. Persons employed/retained by Narragansett to investigate the Subject Fire.
3. Retention of evidence from the Subject Fire.
4. Chain of custody of any evidence retained from the Subject Fire.
5. Delivery of evidence from the Subject Fire for inspection.
6. Storage of evidence retained from the Subject Fire.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to Federal Rules of Civil Procedure, Rules 30(b)(2) and 34, the deponent is obligated to produce the following materials or categories of materials at the time of the deposition:

1. Communications with the insureds, Wagih Saweris and Nawal Saweris (the "Insureds").
2. Any and all photographs of any dehumidifier on the Insureds' premises, 44 Green Drive, Roslyn NY, 11576 (the "Premises") on the day of the Subject Fire.
3. Documents reflecting evidence at the Premises on the day of the Subject Fire.
4. Documents reflecting evidence retained from the Subject Fire.
5. Documents regarding all investigations related to the Subject Fire, including but not limited to photos, videos, and reports.
6. Communications related to the Subject Fire.
7. Documents reflecting evidence not retained from the Subject Fire.
8. Documents relating to the storage of any evidence retained from the Subject Fire.
9. Documents relating to the disposal of any evidence retained from the Subject Fire.

Dated: September 25, 2023

BOWLES & VERNA LLP

By:/s/ Richard A. Ergo
Richard A. Ergo, *Esq.*
Cathleen S. Huang, *Esq.*
Attorneys for Defendants
WHIRLPOOL CORPORATION and
COSTCO WHOLESALE CORPORATION
2121 N. California Blvd., Suite 875
Walnut Creek, CA 94596
(925) 935-3300
Fax: (925) 935-0371

# IN THE UNITED STATES DISTRICT COURT

# THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| NARRAGANSETT BAY INSURANCE COMPANY as subrogee of WAGIH SAWERIS,<br><br>　　　　　　　　　　　　　Plaintiffs,<br>v.<br><br>NEW WIDETECH INDUSTRIES CO., LTD., RICH ACHIEVER INC. LLC, WHIRLPOOL CORPORATION, COSTCO WHOLESALE CORPORATION, ABC CORPORATIONS 1-10 and JOHN DOES 1-10,<br><br>　　　　　　　　　　　　　Defendants. | Case No: 2:23-cv-05227-AMD-JMW<br><br>FRCP 30(b)(6) AMENDED NOTICE OF DEPOSITION OF DAVID MARTIN, Person Most Knowledgeable for NARRAGANSETT BAY INSURANCE COMPANY |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE THAT** pursuant to Federal Rules of Civil Procedure Rule 30(b)(6), Defendants, NEW WIDETECH INDUSTRIES CO., LTD., RICH ACHIEVER INC. LLC, WHIRLPOOL CORPORATION, COSTCO WHOLESALE CORPORATION (collectively "Defendants") through their counsel of record, will take the deposition of DAVID MARTIN, the Person Most Knowledgeable of NARRAGANSETT BAY INSURANCE COMPANY ("Narragansett") commencing at the date, time and place identified below:

    **Date: November 17, 2023**
    **Time: 10:00 a.m. PST/1:00 p.m. EST**
    **Place: Zoom (Link to be provided)**

**NOTICE IS FURTHER GIVEN** that this deposition shall be conducted upon oral examination, and shall be recorded by videotape, audiotape and stenographically before a deposition officer who is authorized by law to take depositions and administer an oath. If the

1

deposition is not completed on the date set forth above, it shall continue from day to day, excluding Saturdays, Sundays and holidays, until completed.

Narragansett shall designate and produce employed or retained representative(s) who consent to testify on its behalf, and such individual(s) shall testify on its behalf as to matters known or reasonably available to Narragansett regarding the following areas of inquiry:

1. Investigation of the fire on February 8, 2021, occurring at 44 Green Drive, Roslyn NY, 11576 (the "Subject Fire")
2. Persons employed/retained by Narragansett to investigate the Subject Fire.
3. Retention of evidence from the Subject Fire.
4. Chain of custody of any evidence retained from the Subject Fire.
5. Delivery of evidence from the Subject Fire for inspection.
6. Storage of evidence retained from the Subject Fire.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to Federal Rules of Civil Procedure, Rules 30(b)(2) and 34, the deponent is obligated to produce the following materials or categories of materials at the time of the deposition:

1. Communications with the insureds, Wagih Saweris and Nawal Saweris (the "Insureds").
2. Any and all photographs of any dehumidifier on the Insureds' premises, 44 Green Drive, Roslyn NY, 11576 (the "Premises") on the day of the Subject Fire.
3. Documents reflecting evidence at the Premises on the day of the Subject Fire.
4. Documents reflecting evidence retained from the Subject Fire.
5. Documents regarding all investigations related to the Subject Fire, including but not limited to photos, videos, and reports.
6. Communications related to the Subject Fire.
7. Documents reflecting evidence not retained from the Subject Fire.
8. Documents relating to the storage of any evidence retained from the Subject Fire.
9. Documents relating to the disposal of any evidence retained from the Subject Fire.

Dated: November 16, 2023

BOWLES & VERNA LLP

By: /s/ Richard A. Ergo
Richard A. Ergo, *Esq.*
Cathleen S. Huang, *Esq.*
Kourtney M. Speer, *Esq.*
Attorneys for Defendants
WHIRLPOOL CORPORATION and
COSTCO WHOLESALE CORPORATION
2121 N. California Blvd., Suite 875
Walnut Creek, CA 94596
(925) 935-3300
Fax: (925) 935-0371

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
——————————————————————— X

NARRAGANSETT BAY INSURANCE COMPANY as
subrogee of WAGIH SAWERIS,

      Plaintiff,      Affirmation of Service

  -against-

NEW WIDETECH INDUSTRIES CO., LTD., RICH
ACHIEVER INC. LLC, WHIRLPOOL     2:23 \_\_\_ CV 05227 \_\_\_ ( AMD)
CORPORATION, COSTCO WHOLESALE
      Defendant.
——————————————————————— X

I, Janet Keough _____, declare under penalty of perjury that I have

served a copy of the attached Amended Notice of Deposition of David Martin, PMK, and Request for Producti

upon Mark Kundla; Eliot Greenberg

whose address is: mkundla@hkmpp.com; egreenberg@mrlawgroup.com; eliotlisa@aol.com

Dated: 11/16/23
  Walnut Creek, , New York

                _/s/ Janet Keough_
                Signature

                2121 N. California Blvd., #875
                Address

                Walnut Creek, CA 94596
                City, State, Zip Code