**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
------------------------------------------------------------X
NARRAGANSETT BAY INSURANCE
COMPANY, *as subrogee of Wagih Saweris*,

                                *Plaintiff*,

                -against-

NEW WIDETECH INDUSTRIES CO. LTD.,
RICH ACHIEVER INC. LLC, WHIRLPOOL
CORPORATION, COSTCO WHOLESALE
CORPORATION, ABC CORPORATIONS 1-10,
and JOHN DOES 1-10,

                              *Defendants*.
------------------------------------------------------------X

**ORDER**
23-cv-5227 (AMD) (JMW)

**A P P E A R A N C E S:**

Eliot L. Greenberg, Esq.
**Rosnerd Nocera & Ragone LLP**
61 Broadway, Suite 1900
New York, NY 10006
*Attorney for Plaintiff*

Kourtney M. Speer, Esq.
Richard Ergo, Esq.
**Bowles & Verna LLP**
2121 N. California Blvd.
Ste 875
Walnut Creek, CA 94596
*Attorneys for Defendants New Widetech Industries Co. Ltd.,*
*Rich Achiever Inc. LLC*, and *Whirlpool Corporation*

Mark S. Kundla, Esq.
**Hardin, Kundla, McKeon & Poletto**
110 William Street, 25th Flr.
New York, NY 10037
*Attorney for Defendants Whirlpool Corporation and*
*Costco Wholesale Corporation*

1

Michael C Lamendola, Esq.
**Simmons Jannace DeLuca, LLP**
43 Corporate Drive
Hauppauge, NY 11788
*Attorney for Defendant Costco Wholesale Corporation*

**WICKS,** Magistrate Judge:

Plaintiff, Narragansett Bay Insurance Company, as subrogee of Wagih Saweris ("Plaintiff"), commenced this action against Defendants New Widetech Industries Co. Ltd. ("New Widetech"), Rich Achiever Inc. LLC ("RAI"), Whirlpool Corporation ("Whirlpool"), Costco Wholesale Corporation ("Costco"), ABC Corporations 1-10 and John Does 1-10 (collectively, "Defendants") alleging negligence and property damage as a result of a fire that originated from a dehumidifier Plaintiff's insureds owned and purchased from Costco. (ECF No. 1-1.) On September 14, 2023, following discussion with counsel, the undersigned directed the parties to undergo an initial discovery phase "limited to the circumstances of why the dehumidifier and/or its parts are unavailable[,]" and directed the parties to complete discovery limited to the preservation of evidence issues ("Limited Discovery") by November 5, 2023, which was subsequently extended to March 1, 2024. (ECF Nos. 17, 29.)[1]

Before the Court at this time are: (i) Defendants' Motion to Compel (ECF No. 25), which is unopposed by Plaintiff (ECF No. 26), and (ii) Plaintiff's Motion to Compel (ECF No. 27), which is opposed by Defendants Costco and Whirlpool. (ECF No. 30.) For the following reasons, Defendants' Motion to Compel (ECF No. 25) is **DENIED *as moot***, and Plaintiff's Motion to Compel (ECF No. 27) is **DENIED *without prejudice and with leave to renew***.

---

[1] On February 2, 2024, the undersigned set the following discovery and briefing schedule: "(i) the parties are to complete discovery, limited to the preservation of evidence issues, on or before March 1, 2024; (ii) defendants are to file a letter motion requesting a pre-motion conference on their anticipated summary judgment motion, addressed to Judge Ann. M. Donnelly, pursuant to Judge Donnelly's Individual Rules, and/or a spoilation of evidence motion (the "Motion"), on or before April 22, 2024; and (iii) plaintiff shall file an opposition to the Motion, if any, on or before April 29, 2024." (ECF No. 29.)

## BACKGROUND

Plaintiff commenced this action on behalf of homeowners who allegedly suffered property damage following a fire that occurred on their property on February 8, 2021, which allegedly originated in an AeonAir dehumidifier manufactured and distributed by Defendants. (ECF No. 27 at 1.) Plaintiff further alleges that the Nassau County Fire Marshal's Incident Report indicated that the most severe fire damage was in the northwest corner of the lower-level den area of the house, and the homeowners stated that they saw fire in the northwestern lower-level of the house where a dehumidifier was present and plugged in. (*Id*.)

Plaintiff alleges a report from EFI Global, Inc. ("EFI"), a fire investigation firm, also determined that the fire originated in the lower-level den and opined that the fire may have originated in a dehumidifier. (*Id*.) On August 4, 2021, Plaintiff alleges that the AoenAir dehumidifier was subject to a massive recall of about 2 million units because the recalled dehumidifiers "can overheat and catch fire, posing fire and burn hazards." (*Id*. at 2.) Plaintiff further alleges the recall notes advised that New Widetech, the manufacturer, was "aware of the 107 incidents of the recalled dehumidifiers overheating and/or catching fire, resulting in about $17 million in property damage." (*Id*.)

Pursuant to the Court's September 14, 2023, Scheduling Order (ECF No. 17), the undersigned deemed it appropriate to limit the initial discovery phase to the circumstances surrounding the unavailability of the dehumidifier and/or its parts. On September 25, 2023, Defendants issued deposition notices for both insureds, Wagih Saweris and Nawal Saweris, and Plaintiff's corporate representative, all of which contained document requests. (ECF No. 25 at 2.) On November 16, 2023, Defendant New Widetech additionally served Plaintiff with a deposition

3

notice for David Martin, the claims adjuster assigned to this matter, which also contained document requests. (*Id.*) The document requests included in the David Martin and the 30(b)(6) deposition notices are:

1. Communication with the insureds, Wagih Saweris and Nawal Saweris (the "Insureds");

2. Any and all photographs of any dehumidifier on the Insureds' premises, 44 Green Drive, Roslyn, NY 11576 (the "Premises") on the day of the Subject Fire;

3. Documents reflecting evidence at the Premises on the day of the Subject Fire;

4. Documents reflecting evidence retained from the Subject Fire;

5. Documents regarding all investigations related to the Subject Fire, including but not limited photos, videos, and reports;

6. Communications related to the Subject Fire;

7. Documents reflecting evidence not retained from the Subject Fire;

8. Documents relating to the storage of any evidence retained from the Subject Fire; and

9. Documents relating to the disposal of any evidence retained from the Subject Fire.

(*Id.*)

The document requests included in the Insureds' deposition notices are:

1. Any and all photographs taken of any dehumidifier owned by you or present at your home before the incident;

2. Any and all photographs taken of any dehumidifier owned by you or present at your home on the day of the incident;

3. All documents relating to the purchase of the dehumidifier(s);

4. All documents reflecting the identification any dehumidifier owned by you or used by you at your home since 2011 ("Dehumidifier");

5. All documents reflecting any problems you had with any Dehumidifier;

6. All communication between you and anyone else regarding the incident, including but not limited to your insurance carrier, adjusters, fire department, and Costco; and

4

      7. All communications between you and anyone else regarding any Dehumidifier owned by you.

(collectively, "Defendants' Document Requests") (*Id*.)

On November 11, 2023, Plaintiff requested counsel for Defendants provide the following information ("Plaintiff's Discovery Request"):

      1. All reports and other documentation leading up to the decision to recall the subject dehumidifiers

      2. Documentation relating to each of the "107 incidents of the recalled dehumidifiers overheating and/or catching fire, resulting in about $17 million in property damage" including fire investigation reports, and analysis reports performed and data to determine the cause of the defects in the dehumidifiers and or the subject incidents,

      3. Photographs or other images of the dehumidifiers after the 107 reported incidents of the recalled dehumidifiers,

      4. Documentation relating to the scope of the damages linked to the subject dehumidifiers, and

      5. Documentation, claims, and pleadings, relating to fire or other incidents deemed or alleged to have been caused by the dehumidifiers that were the subject of the attached recall subsequent to August 4, 2021 to present.

(ECF No. 27 at 2.)

Defendants objected to Plaintiff's Discovery Request on three grounds. *First*, Defendants argued that the undersigned ordered that the undersigned limited discovery "to the circumstances of why the dehumidifier and/or its parts are unavailable" and that Plaintiff's Discovery Request "do[es] not pertain to the retention and/or location of the purported subject dehumidifier in this matter and therefore is outside the scope" of Limited Discovery. (*Id*. at 2-3.)

*Second*, Defendants argue Plaintiff's Discovery Request is "vastly overbroad, unduly burdensome, and would not lead to the discovery of admissible evidence related to the purposed subject dehumidifier." (*Id*. at 3.) Defendants reasoned that "it still cannot be determined" whether the dehumidifier was the cause of the fire, as Defendants expert was not able to inspect

5

any dehumidifier nor was the scene investigated for other causes, and therefore the documents requested are "premature and irrelevant." (*Id*.) *Third*, Defendants contend the documents requested are privileged as they were prepared at the direction of legal counsel and/or in anticipation of litigation, and the documents otherwise qualify as confidential materials/communications under *Critical Mass Energy Project v. Nuclear Regulatory Commission*, 975 F.2d 871 (D.C. Cir. 1991) (en banc) ("*Critical Mass*") because they were prepared for and voluntarily submitted to the U.S. Consumer Product Safety Commission ("CPSC") under the Consumer Product Safety Act, 15 U.S.C. Section 2064(b) (the "Act"). (*Id*.)

On January 10, 2024, Defendants moved to compel Defendants' Document Requests (ECF No. 25.) Defendants reported that as of that date, they had not received any documents responsive to Defendants' Document Requests, despite prior representations from Plaintiff's Counsel that he would work with the insureds to produce responsive documents. (*Id*. at 3.) Specifically, Defendants note that during the deposition of David Martin on November 17, 2023, Mr. Martin testified that he relied on Plaintiff's case file and EFI's file to "determine the recovery and storage of the subject dehumidifiers at an EFI storage unit in New Jersey" and "at the close of this deposition, Plaintiff's Counsel agreed to produce both files." (*Id*.) Defendants additionally note they discovered that Plaintiff engaged EFI to investigate the fire scene, and requested the names of the EFI employees who conducted the investigation, but received no response. (*Id*.)

Defendants maintain that the requested documents and outstanding deposition are "crucial for Defendants to conclude" Limited Discovery and proceed with dispositive motion practice and/or adjudication on the grounds of evidence spoliation. (*Id*.) Overall, Defendants request the Court issue an Order: (i) compelling Plaintiff to produce all relevant documents in

response to Defendants' Document Requests; and (ii) compelling Plaintiff to disclose the names of the EFI employees who were present at and investigated the scene of the fire so that Defendants can notice their deposition. (*Id*. at 4.)

On January 29, 2024, Plaintiff filed a Response to Defendants' Motion to Compel (ECF No. 26) advising that Plaintiff was "always in agreement to produce the requested documentation and information or before January 31, 2024[,]" and Plaintiff "responded to all outstanding discovery demands on January 29, 2024." (*Id.* at 1.) On January 31, 2024, Plaintiff moved to compel the documents in Plaintiff's Discovery Request (ECF No. 27), arguing that the information requested "is necessary since the condition of the dehumidifiers involved in other fires may lead to information concerning the fire that is the subject of this litigation." *(Id.* at 3.) On February 9, 2024, Defendants filed their Opposition to Plaintiff's Motion to Compel. (ECF No. 30.) Defendants state that they maintain and incorporate their initial objections to Plaintiff's Discovery Request (*see* supra), arguing "this Court was very clear that discovery is limited to the issue of evidence retention[,]" and the information sought by Plaintiff "seeks information regarding liability and/or damages" and "has no relevance to evidence retention."  (*Id*. at 3.) Defendants further noted that while Plaintiff "has produced some documents subject to Defendants' discovery dispute letter, Plaintiff has not provided dates for remaining depositions[,]" and that Defendants' counsel was unable to reach Plaintiff's counsel to further meet and confer regarding these issues. (*Id*.)

## DISCUSSION

Pursuant to Fed. R. Civ. P. 26,

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the

7

importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Fed. R. Civ. P. 26(b)(1).

Information "is relevant if: '(a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action.'" *Vaigasi v. Solow Mgmt. Corp.*, No. 11-CV-5088, 2016 WL 616386, at *11 (S.D.N.Y. Feb. 16, 2016) (quoting Fed. R. Evid. 401). Moreover, "[t]he party seeking the discovery must make a *prima facie* showing that the discovery sought is more than merely a fishing expedition." *Evans v. Calise*, No. 92-CV-8430, 1994 WL 185696, at *1 (S.D.N.Y. May 12, 1994); *see also Mandell v. The Maxon Co., Inc.*, No. 06-CV-460, 2007 WL 3022552, at *1 (S.D.N.Y. Oct. 16, 2007) ("[T]he party seeking discovery bears the burden of initially showing relevance."). To that end, the discovery sought by the parties must be, as stated by Rule 26, proportional to the needs of the case, taking into consideration such aspects as the importance of the issues, the amount in controversy, the parties' resources and access to the information sought, and the importance of the information sought to the asserted claims or defenses. *Sibley v. Choice Hotels Int'l*, No. 14-CV-634 (JS) (AYS), 2015 WL 9413101, at *2–3 (E.D.N.Y. Dec. 22, 2015).

"Rule 26 has defined the scope of discovery to consist of information that is relevant to the parties' 'claims and defenses.'" *Pothen v. Stony Brook Univ.*, No. 13-CV-6170 (JFB) (AYS), 2017 WL 1025856, at *2 (E.D.N.Y. Mar. 15, 2017) (addressing the then-recent amendments to Fed. R. Civ. P. 26). "Thus, the discretionary authority to allow discovery of 'any matter relevant to the subject matter involved in the action' has been eliminated," and permissible discovery under Rule 26 must be relevant "to any party's claim or defense," and that means "proportional to the needs of the case." *Id.* at *3 (citing Fed. R. Civ. P. 26(b)(1)). Proportionality goes "hand-in-hand" with relevance. *New Falls Corp. v. Soni*, No. 16-CV-6805 (ADS) (AKT), 2020 WL

2836787, at *2 (E.D.N.Y. May 29, 2020).  That is, the more relevant the information sought is, the less likely the Court would find the subject discovery disproportionate.  *Id.*

"Motions to compel are left to the court's sound discretion."  *Mirra v. Jordan*, No. 13-CV-5519, 2016 WL 889683, at *2 (S.D.N.Y. Feb. 23, 2016); *see also Liberty Mut. Ins. Co. v. Kohler Co.*, No. 08-CV-867, 2010 WL 1930270, at *2 (E.D.N.Y. May 11, 2010) ("[A] motion to compel is entrusted to the sound discretion of the district court.").  It is with these guideposts in mind that the Court considers the present motions.

### I.     Defendants' Motion to Compel

*Preliminarily*, the undersigned notes that discovery in this matter is limited to the circumstances surrounding the unavailability of the dehumidifier and/or its parts until March 1, 2024. (ECF No. 29.) Defendants' Document Requests include only information pertinent to this Limited Discovery and are necessary for Defendants to complete Limited Discovery. Defendants' request for the names of EFI employees who were present at and investigated the scene of the fire is also relevant to the circumstances of why the dehumidifier and/or its parts are unavailable. Indeed, Plaintiff has agreed to provide such documentation. (ECF No. 26.) As such, Defendants' Motion is denied as moot in light of Plaintiff's representation. (*Id*.)

### II.    Plaintiff's Motion to Compel

As previously mentioned, Plaintiff's Discovery Requests seeks documentation pertaining to: (i) the decision to recall the subject dehumidifiers; (ii) the "107 incidents of the recalled dehumidifiers overheating and/or catching fire, resulting in about $17 million in property damage[;]" (iii) dehumidifiers after the 107 reported incidents of the recalled dehumidifiers; (iv) the scope of the damages linked to the subject dehumidifiers, and (v) to fire or other incidents

deemed or alleged to have been caused by the dehumidifiers that were the subject of the attached recall subsequent to August 4, 2021 to present. (ECF No. 27 at 2.)

While Plaintiff's Discovery Requests seek information relevant to Plaintiff's claims generally for negligence as against Defendants, relate to liability and damages, and may very well be relevant to "the condition of the dehumidifiers involved in other fires may lead to information concerning the fire that is the subject of this litigation" (ECF No. 27 at 3), they are irrelevant to the limited circumstances of why the dehumidifier and/or its parts are unavailable, and therefore fall outside the scope of Limited Discovery set by the undersigned. The bulk of Plaintiff's Discovery Requests pertain to causation and damages and are premature in light of Defendants' inability to inspect any dehumidifier or investigate the insureds' home for other potential causes at this stage. *See e.g., Sibley*, No. 14-CV-634 (JS) (AYS), 2015 WL 9413101, at *2–3.[2] To this end, Plaintiff's Motion to Compel is denied with leave to renew following completion of Limited Discovery.

## CONCLUSION

For the reasons stated herein, Defendants' Motion to Compel is **DENIED *as moot***, in light of Plaintiff's Counsel's representation that Plaintiff will provide the requested information. (ECF No. 26.) Accordingly, Plaintiff is directed to produce all relevant documents in response to Defendants' Document Requests; and (ii) disclose the names of the EFI employees who were

---

[2] Defendants' argument that Plaintiff's Discovery Requests qualify as confidential materials/communications under *Critical Mass* because they were prepared for and voluntarily submitted to the CPSC is unavailing. *See Culligan v. Yamaha Motor Corp.*, USA, 110 F.R.D. 122, 127 (S.D.N.Y. 1986) (rejecting Defendant's argument that the information it sent to the CPSC is confidential and exempt from disclosure, and noting that "although [Defendant] could reasonably expect that its communication of trade secrets to the CPSC would not be disseminated by that agency, it could not expect that those communications would be insulated from the discovery process."); *see also* 63B Am. Jur. 2d Products Liability § 1562 ("Communications concerning the safety and effectiveness of a product between a manufacturer and the Consumer Product Safety Commission do not enjoy a privilege from disclosure in a products liability action").

present at and investigated the scene of the fire, on or before **February 26, 2024.** Plaintiff's Motion to Compel (ECF No. 27) is **DENIED** *without prejudice and with leave to renew* following completion of Limited Discovery. The conference previously scheduled for February 21, 2024 is cancelled, and the parties are directed to filed a joint status report on discovery on or before March 8, 2024.

Dated: Central Islip, New York
       February 20, 2024

S O  O R D E R E D:

/S/ *James M. Wicks*

JAMES M. WICKS
United States Magistrate Judge

11